IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY BOUGARD JORDAN, #376491**                                  **PLAINTIFF**

**v.**                          **CIVIL ACTION NO.  1:15-CV-340-LG-RHW**

**TODD COULTER, Correctional Medical Doctor**            **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court, *sua sponte*, for consideration of dismissal. The Plaintiff filed the instant civil action on October 15, 2015, and stated that his address was Harrison County Jail, 10451 Larkin Smith Drive, Gulfport, Mississippi. (Compl. at 1, ECF No. 1).  The Court's Orders (ECF Nos. 3, 6, 8) were mailed to Plaintiff at the Harrison County Jail address, but were returned by the Postal Service with a notation that Plaintiff had released from the Harrison County Jail. (Mail Returned at 1, ECF Nos. 4, 7, 10).

The Court reviewed the record and found that the envelope containing Plaintiff's Complaint had a return address for Plaintiff at the South Mississippi Correctional Facility, Leakesville, Mississippi 39451. (Order at 1, ECF No. 9). The Court's Order entered December 29, 2015, directed the Clerk to mail a copy of the Court's documents which had been returned by the Postal Service to Plaintiff at Harrison County Jail, the address of record, and to Plaintiff at the South Mississippi Correctional Facility. (*Id.*). That Court Order further directed Plaintiff to state his current address where he may receive mail from the Court as well as granted Plaintiff an extension of time to comply with the Court's Orders (ECF Nos. 3, 8). (*Id*. at 1-2). Plaintiff was warned in that

Order that failure to advise the Court of a change of address or failure to timely comply with any order of the Court may lead to the dismissal of his case. (*Id*. at 2). Plaintiff failed to comply with that Order (ECF No. 9).

When Plaintiff did not comply with the Order (ECF No. 9) entered December 29, 2015, an Order to Show Cause was entered on February 5, 2016, directing Plaintiff to respond on or before February 22, 2016. (Order at 2, ECF No. 11). Once again, the Court directed that a copy of the Order (ECF No. 11) be mailed to Plaintiff at the Harrison County Jail address and the South Mississippi Correctional Facility address. (*Id*.). The envelope containing a copy of the Order (ECF No. 11) addressed to Plaintiff at the Harrison County Jail was returned by the Postal Service with a notation "RTS, Released 7-27-15." (Mail Returned at 1, ECF No. 12). Even though Plaintiff had been warned again in the Order (ECF No. 11) that failure to comply or failure to advise of a change of address may result in the dismissal of this civil action, Plaintiff did not comply.

A Second and Final Order to Show Cause was then entered on March 28, 2016, directing Plaintiff to respond on or before April 13, 2016. (Order at 2, ECF No.13). That Order further directed Plaintiff to comply with the Order (ECF No. 3). (*Id*.). This second show cause order also warned Plaintiff that his failure to comply with the order would lead to the dismissal of this case. (*Id*.). Out of an abundance of caution, the Court directed that a copy of the Order (ECF No. 13) be mailed to Plaintiff at the Harrison County Jail address and to the South Mississippi Correctional Facility address. (*Id*.). The envelope containing the Order (ECF No. 13) addressed to Plaintiff

at Harrison County Jail was returned by the Postal Service and filed in this Court on April 8, 2016. (Returned mail, ECF No. 14). The envelope addressed to Plaintiff at the South Mississippi Correctional Facility address was not been returned. The Plaintiff has failed to comply with that Order (ECF No. 13).

Plaintiff has failed to comply with several Court Orders and he has not contacted the Court regarding this case since October 15, 2015. Therefore, it is apparent from the Plaintiff's failure to communicate with the Court that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b) is proper. Since the Defendant has not been called upon to respond to the Plaintiff's pleading, and has not appeared in this action, and since the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Complaint shall be dismissed without prejudice.

A Final Judgment in accordance with this Order of Dismissal will be entered.

**SO ORDERED AND ADJUDGED** this the 2nd day of May, 2016.

<u>s/ *Louis Guirola, Jr.*</u>
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE